UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:04-cv-115 |
| | ) | *Edgar* |
| DEPARTMENT OF CHILDREN'S | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Western District of Tennessee, Eastern Division, and transferred to this Court without service of process. For the reasons stated below, process shall not issue and this action will be **DISMISSED**.

Plaintiff is an inmate in the Whiteville Correctional Facility. He filed two complaints in the Western District, which were consolidated into one action because both arose from the circumstances surrounding the removal of plaintiff's children from his home in March, 2001. The defendants are the Department of Children's Services (DCS), DCS assistant general counsel Irene Higginbotham, case managers Barbara Mayer and Karren Stentzel, and guardian ad litems Sally Love and Drew Robinson.

With the exception of one claim against Irene Higginbotham, and a generalized claim against the Department of Children's Services, plaintiff's allegations all refer to the removal of his children on March 9, 2001. The pending complaints were filed in March, 2004. Federal courts must

refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is TENN. CODE ANN. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

If it is obvious from the face of the complaint that the plaintiff's cause of action is clearly barred by the applicable statute of limitation, the district court may *sua sponte* dismiss the case as frivolous pursuant to 28 U.S.C. § 1915(e) and § 1915A. *See, e.g., Day v. E.I. Du Pont De Nemours and Company*, No. 97-6233, 1998 WL 669939 *1 (6th Cir. September 17, 1998) (unpublished decision) ("a *sua sponte* dismissal of an *in forma pauperis* complaint is appropriate where the complaint bears an affirmative defense such as the statute of limitations and is therefore frivolous on its face").

Plaintiff alleges that on March 31, 2003, defendant Irene Higginbotham filed a petition against him, in which she slandered and defamed him. An allegation of defamation, without more, does not state a claim under 42 U.S.C. § 1983. Harm or injury to reputation, even where inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). *See also Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) ("[i]njury to reputation, standing alone, is not a liberty interest protected by the Fourteenth Amendment"). *Accord, Ellingburg v. Lucas*, 518 F.2d 1196,

2

1197 (8th Cir. 1975); *Azar v. Conley*, 456 F.2d 1382, 1388-89 (6th Cir. 1972); *Heller v. Roberts*, 386 F.2d 832 (2nd Cir. 1967).

With respect to plaintiff's generalized allegations against the Department of Children's Services for causing his children mental anguish, the Department of Children's Services is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986). In addition, an individual cannot sue for the deprivation of another's civil rights. *See Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974).

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action will be **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

An order will enter.

                                                 */s/ R. Allan Edgar*
                                                 R. ALLAN EDGAR
                                         CHIEF UNITED STATES DISTRICT JUDGE